NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3234

JOSE A. RAGUINE,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

———————————————

DECIDED:  December 8, 2004

———————————————

Before SCHALL, BRYSON, and DYK, Circuit Judges.

PER CURIAM.

## DECISION

Jose A. Raguine appeals from an order of the Merit Systems Protection Board in Docket No. SE0831030231-I-1, upholding the decision of the Office of Personnel Management ("OPM"), denying his request for a retirement annuity.  We affirm.

## BACKGROUND

Mr. Raguine worked for the Department of the Navy at the Navy's Subic Bay Naval Base in the Philippines until he retired in 1992.  Mr. Raguine subsequently applied for an annuity, which OPM denied on December 9, 1993.  On August 18, 1999,

Mr. Raguine again applied for an annuity. OPM rejected that application, noting that it had already denied his request for an annuity six years earlier. Three and a half years later, Mr. Raguine submitted a request for reconsideration of that decision. The request for reconsideration was postmarked on January 8, 2003. OPM denied the request for reconsideration based on lack of timeliness, and Mr. Raguine appealed to the Board. On appeal to the Board, Mr. Raguine claimed that circumstances beyond his control—a prolonged illness and indigence—prevented him from filing a timely reconsideration request.

Mr. Raguine did not request a hearing, and the administrative judge decided the appeal on the written record. Mr. Raguine proffered several statements relating to his medical and financial condition and copies of medical reports as evidence of his illness and indigence. The administrative judge, however, found that that the medical documents did not identify the time period during which Mr. Raguine suffered from his infirmities. More importantly, the administrative judge found that Mr. Raguine had failed to explain why his medical and financial conditions prevented him from filing a timely request for reconsideration. The administrative judge noted that Mr. Raguine's infirmities and indigence did not prevent him from filing a second application for annuity benefits in 1999 or filing an appeal with the Board. The administrative judge therefore affirmed OPM's dismissal of Mr. Raguine's reconsideration request. The full Board subsequently denied Mr. Raguine's petition for review.

DISCUSSION

In his petition for review by this court, Mr. Raguine does not explain how his financial and medical conditions prevented him from filing a request for reconsideration

for nine years after his first application for an annuity was denied and for three years after the denial of his second application. He merely states that the Board "failed to consider[ ] my presented facts and reasons why my case was untimely filed." However, it is clear that the Board considered all the facts and arguments that Mr. Raguine actually presented. Because substantial evidence supports the Board's finding that Mr. Raguine had not shown any justification for the untimeliness of his request for reconsideration, we affirm the decision of the Board.